

**Yankwitt LLP**   140 Grand Street · Suite 705 · White Plains · New York · 10601 · (914) 686-1500 phone · (914) 801-5930 fax · www.yankwitt.com

Russell M. Yankwitt
Kathy S. Marks
Dina L. Hamerman
*George C. Godfrey

Alicia A. Tallbe
Sarah A. Sulkowski
Jesse M. Kantor
Craig M. Cepler

*Admitted NJ only

May 24, 2018

**By ECF & E-mail**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *3 West 16th Street, LLC v. Commonwealth Land Title Insurance Company*, Civ. No. 18-cv-1914 (AT)

Dear Judge Torres:

      We represent Plaintiff 3 West 16th Street, LLC ("3W16") in the above-referenced matter. Pursuant to Your Honor's May 15, 2018 Order, we submit this joint letter together with counsel for Defendant Commonwealth Land Title Insurance Company ("Commonwealth) in advance of the Initial Pretrial Conference scheduled to take place before Your Honor on May 31, 2018, at 11:00 p.m. The Parties proposed Civil Case Management Plan and Scheduling Order is enclosed.

**Brief Description of the Case (Including factual and legal bases for claims and defenses)**

      This action arises out of a policy of title insurance issued by Commonwealth to 3W16 in March 2006 (the "Policy"), in connection with the latter's purchase of the fee simple title to a New York City building (the "Building"). On March 2, 2018, 3W16 filed its Complaint against Commonwealth asserting claims for breach of contract and for declaratory relief with respect to 3W16's rights and Commonwealth's obligations under the Policy. With the Court's permission, 3W16 filed its First Amended Complaint ("FAC") on April 11, 2018. Commonwealth intends to file a motion to dismiss the FAC, and the following briefing schedule was set by Your Honor:

            Motion:      June 12, 2018
            Opposition:  June 26, 2018
            Reply:       July 3, 2018

      Plaintiff's Claims:   Under the terms of the Policy, Commonwealth is obligated to defend 3W16's fee simple title to the Building in a litigation in which a third-party asserts a claim adverse to 3W16's title. The FAC alleges that Commonwealth breached the Policy by wrongfully refusing to defend 3W16 in a litigation filed against it in 2008 and still being litigated to this day, in which 3W16's fee simple title to the Building has been directly and repeatedly attacked (the "Underlying Action").[1] Because of Commonwealth's wrongful refusal to defend 3W16 in the Underlying Action, 3W16 has incurred substantial legal fees and expenses defending its title to the Building, which is precisely what 3W16 sought to avoid by purchasing the Policy from Commonwealth. In this action, 3W16 seeks declaratory relief with respect to

---

[1] 3W16's claims are timely pursuant the terms of a tolling agreement entered into by the Parties on August 3, 2015.

{00095362 1 }



Commonwealth's obligation to pay for the defense of 3W16 in the Underlying Action and reimbursement from Commonwealth for the attorneys' fees and legal expenses incurred by 3W16 by reason of Commonwealth's breach of its obligation to defend 3W16 from 2008 to date. 3W16 denies that any exclusions in the Policy apply to excuse Commonwealth from its broad duty to defend 3W16.

Defendant's Defenses: Under New York law, an insured's duty to defend an action is specifically determined by the allegations contained in the underlying complaint. *Town of Massena v. Healthcare Underwriters*, 98 N.Y. 2d 435 (2002), and a title insurer has no duty to defend a suit where the underlying claims fall clearly within a policy exception. See e.g., *Hess v. Baccarat*, 287 A.D. 2d 834 (3d Dept. 2001) *Green Harbour v. Chicago Title*, 74 A.D. 3d 1655 (3d Dept. 2010). Here, 3W16's claims are excluded from coverage pursuant to Exclusion 3 (a) of the Policy because the underlying challenge to 3W16's title is entirely premised upon matters "created, suffered, assumed or agreed to" by 3W16, including 3W16th's alleged agreement to "gift" a portion of the subject Property to two Synagogues which claimed a pre-existing equitable interest in the Property and other alleged promises and agreements made by 3W16 conferring interests in the Property to the underlying plaintiffs both orally and in the context of a lease agreement executed by 3W16. 3W16th's claims are also excluded from coverage under other Policy exclusions because the alleged defects were not "not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant", and because the defects were attached or created "subsequent to the Date of Policy." 3W16's claims are excluded under the Policy to the extent 3W16 failed to provide notice to Commonwealth in accordance with the Policy terms.

**Contemplated Motions**

Plaintiff: Plaintiff contemplates filing a motion for summary judgment at the conclusion of discovery.

Defendant: Defendant intends to file a motion to dismiss for failure to state a claim on the basis of the exclusions set forth in the Policy. If this matter is not dismissed upon that motion, Defendant contemplates filing a motion for summary judgment at the conclusion of discovery.

**Prospect for Settlement**

Plaintiff: Plaintiff is willing to discuss settlement of this matter but notes that prior efforts to reach a resolution of this matter prior to commencement of this litigation were not productive or successful.

Defendant: If this matter is not dismissed upon Defendant's motion, settlement discussions may be fruitful after the close of discovery.

May 24, 2018
Page 3 of 3
The Honorable Analisa Torres, U.S.D.J.

Dated: May 24, 2018

Respectfully submitted,

| YANKWITT LLP | FIDELITY NATIONAL LAW GROUP |
|---|---|
| By: Alicia A. Tallbe, Esq.<br>140 Grand Street, Suite 705<br>White Plains, New York 10601<br>Telephone: (914) 686-1500<br>Fax: (914) 801-5930<br>Email: alicia@yankwitt.com<br>*Attorney for Plaintiff* | By: Joyce A Davis, Esq.<br>350 Fifth Avenue, Suite 3000<br>New York, NY 10118<br>Telephone: 646-432-8590<br>Fax: 646-708-8099<br>Email: joyce.davis@fnf.com<br>*Attorney for Defendant* |

Enclosure

{00095362 1}

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

3 WEST 16TH STREET, LLC,

                Plaintiff,

   -against-

Commonwealth Land Title Insurance Company,

              Defendant.

------------------------------------------------------------------X

Civil Action No.: 1:18-cv-01914

**[PROPOSED]**
**CIVIL CASE**
**MANAGEMENT PLAN AND**
**SCHEDULING ORDER**

ANALISA TORRES, United States District Judge:

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. §636(c).

2. Plaintiff has demanded a trial by jury as to the legal claim asserted.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than 14 days from the date of this Order.

5. All fact discovery shall be completed no later than 9/28/2018 (120 days from conference date).

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by 6/15/2018.
    b. Interrogatories to be served by 7/13/2018.
    c. Depositions to be completed by 9/7/2018.

{00095363 1 }

   d. Requests to Admit to be served no later than 9/7/2018.

7. a. All <u>expert</u> discovery shall be completed no later than 11/12/2018 (45 days from completion of fact discovery).

   b. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions <u>in limine</u> may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, <u>i.e.</u>, the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: <u>N/A</u>.

    b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: <u>N/A The parties believe settlement discussions will be more productive following a decision on Defendant's contemplated motion to dismiss</u>.

    c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
    <u>N/A</u>

    D. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practice and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> shall be filed after the close of discovery and before the Final Pretrial Submission Date and

{00095363 1}

the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed *voir dire* questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Curt, proposed findings of fact and conclusion of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 3 days.

13. [Other items, including those in Rule 26(f)(3).]

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____.

16. The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: _____
       New York, New York

{00095363 1}