USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3 WEST 16TH STREET, LLC,

                Plaintiff,

-against-

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

                Defendant.

18 Civ. 1914 (AT) (HBP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, 3 West 16th Street, LLC, brings this action for declaratory relief and damages arising out of an alleged breach of a title insurance policy by Defendant, Commonwealth Land Title Insurance Company. Am. Compl., ECF No. 13. On June 12, 2018, Defendant moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 29, and on October 3, 2018, the Court referred the motion to the Honorable Henry B. Pitman, ECF No. 39. Before the Court is the Report and Recommendation (the "R&R") of Judge Pitman, which recommends that Defendant's motion to dismiss be granted. ECF No. 47. Plaintiff and Defendant filed timely objections to the R&R. See Pl. Objs., ECF No. 51; Def. Objs., ECF No. 50. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

    On March 24, 2006, Defendant issued a title insurance policy (the "Policy") in connection with Plaintiff's purchase of real property located at 3 West 16th Street, New York, New York (the "Building"). Am. Compl. ¶ 1. Section 3(a) of the Policy excludes from coverage "[d]efects, liens, encumbrances, adverse claims or other matters [] created, suffered, assumed or agreed to by the

---

[1] The Court presumes familiarity with the facts, which are set forth in the R&R, and, therefore, only briefly summarizes them here. See R&R at 1–8.

insured claimant." Policy, Am. Compl. Ex. A, ECF No. 13-1. Two years later, three entities—Magen David of Union Square ("MDUS"), the Sixteenth Street Synagogue ("SSS"), and 3 West Development LLC ("Development") (collectively, the "Synagogues")—commenced an action against Plaintiff in the Supreme Court, New York County, in which each asserted an interest in the Building (the "Underlying Action" or "Underlying Complaint"). *Id.* ¶ 3. The claims in the Underlying Action arose out of an agreement between Plaintiff and Development (the "2006 Agreement")—the Building's owners—that provided for, *inter alia*, the donation of the Building's basement and first and second floors to SSS and MDUS upon the completion of the sale of the condominium units on the third through sixth floors. UL Compl. ¶¶ 38, 44, Am. Compl. Ex. B, ECF No. 13-2.[2]

In 2008, Plaintiff tendered defense of the Underlying Action to Defendant, but in 2010, Defendant refused to undertake Plaintiff's defense. Am. Compl. ¶¶ 24–25. Defendant concluded that Plaintiff's "[c]ause of action stems from an agreement entered into by [Plaintiff]," which causes it to fall under Section 3(a)'s exclusion because the 2006 Agreement was "[c]reated, suffered, assumed or agreed to by" Plaintiff. *Id.*, Ex. C, ECF No. 13-3. In 2015, the parties entered into a tolling agreement, and in 2018, Plaintiff commenced this action, seeking damages and a declaration that Defendant is obligated to defend it in the Underlying Action on the basis that the claims in that action do not arise solely out of the 2006 Agreement. Am. Compl. ¶¶ 32, 36.

---

[2] "UL Compl." refers to the complaint in the Underlying Action, which is attached to the complaint in this action as Exhibit B.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. <u>Plaintiff's Objections</u>

Judge Pitman recommends that Defendant's motion to dismiss be granted "on the ground that the claims asserted in the Underlying Action are all based on the 2006 Agreement to which [Defendant's] insured, [Plaintiff], was a party." R&R at 23. Plaintiff objects to this recommendation, arguing that "this finding is contrary to the language of the Underlying

Complaint, particularly as read through the lens of [Defendant's] broad duty to defend under New York law." Pl. Objs. at 3. The Court disagrees.

Plaintiff argues that "although Judge Pitman recognized [Defendant's] broad duty to defend under New York law, he ultimately and impermissibly construed that duty narrowly in the R&R." *Id.* at 4 (citations omitted). Plaintiff contends that there are allegations in the Underlying Complaint which "relate[] to SSS' alleged decades-old, pre-2006 equitable ownership interest in the Building" and which form "the basis for the claims asserted by SSS in the First and Fourth Causes of Action." *Id.* at 5–6. In the Underlying Action, the first cause of action asserted by SSS is to quiet title on the basis that "SSS is the equitable fee owner of the condominium unit (yet to be created) comprised of the entire first floor of the Building." UL Compl. ¶¶ 79–80. As Judge Pitman correctly found, there is "nothing in the record suggesting that there were ever any condominium units (actual or contemplated) prior to the 2006 Agreement." R&R at 14. In SSS' fourth cause of action for partition, it claims that "SSS should be deemed to be the owner of the basement and first floor of the Building" because "[i]n addition to SSS' other claims for equitable ownership of the Building, SSS has an equitable ownership interest in the Building by virtue of the charitable gifts promised to SSS by [Plaintiff] and Development" in the 2006 Agreement. UL Compl. ¶¶ 122, 127. The Underlying Complaint is clear, therefore, that SSS' claimed interest in the Building is premised entirely on the 2006 Agreement to which Plaintiff was a party and which provided for the "'Donation' of the Basement, First Floor and Second Floor to the 'Synagogues.'" UL Compl. ¶ 45.

Plaintiff concedes that if the "claims asserted in the Underlying Complaint were based on agreements to which [Plaintiff] was a party[, they] would therefore fall under Exclusion 3(a)" and Defendant would not have a duty to defend. Pl. Objs. at 9. Plaintiff argues, however, that certain

paragraphs in the Underlying Complaint "relate[] to SSS' alleged decades-old, pre-2006 equitable ownership interest," which demonstrate that SSS "was actively asserting an equitable ownership interest in the Building that predated the 2006 Agreement." Pl. Objs. at 5 (citing UL Compl. ¶¶ 12, 16, 18, 27, 28, 60, 79, 127). But these paragraphs were, as Judge Pitman found, provided merely as background information leading up to the 2006 Agreement. R&R at 15 ("[T]hose allegations are set forth by way of background to explain the relationship[s] . . . and the events leading up to the 2006 Agreement."). SSS' claimed "equitable ownership interest" is mentioned in the Underlying Complaint, but only to explain why Development and Plaintiff, pursuant to the 2006 Agreement, agreed to donate a portion of the Building to SSS. Moreover, the Underlying Complaint does not seek to quiet title based on SSS' alleged pre-2006 equitable property interest, but based solely and exclusively upon Plaintiff's alleged breach of the 2006 Agreement, which provided for the "'Donation' of the Basement, First Floor and Second Floor to the 'Synagogues.'" UL Compl. ¶ 45; *see also id.* ¶¶ 76–90. Because Plaintiff is not asserting rights independent of the 2006 Agreement, the claims asserted in the Underlying Action are within the Section 3(a) exclusion, which excludes "[d]efects, liens, encumbrances, adverse claims or other matters . . . [c]reated, suffered, assumed or agreed to by [Plaintiff]." Policy § 3(a).

Plaintiff also argues that Judge Pitman did not resolve ambiguities in the Underlying Complaint in its favor, narrowly construed Defendant's broad duty to defend, and "did not hold [Defendant] to the exacting burden of establishing that the Underlying Complaint can be construed solely and entirely to fall within [Section] 3(a)." Pl. Objs. at 4. This is not so. Judge Pitman described at length an insurer's broad duty to defend, noting that it is "broader than its duty to indemnify" and "is not dependent on the merits of the claims asserted," and that exclusions "are to be accorded a strict and narrow construction." R&R at 10–12 (internal quotation marks and

5

citations omitted).  However, as Judge Pitman correctly stated, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual basis on which it might eventually be obligated to indemnify its insured under any policy provision."  *Id.* at 12 (citing *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 45 (1991)).

Here, the Underlying Complaint alleges that SSS claimed a pre-2006 equitable interest in the Building, but that such interest was considered by and subsumed into the 2006 Agreement upon which the Underlying Action's claims are premised.  *See* UL Compl. ¶¶ 44–45.  Indeed, the entire purpose of the 2006 Agreement was to recognize SSS' claimed equitable interest in the Building via a promise by Plaintiff to donate the basement and two floors of the Building to SSS.  *See id.* ¶¶ 12–45.  Defendant, therefore, has demonstrated that the Underlying Complaint's claims are "solely and entirely within the exclusions of [Section 3(a)] and that the allegations are subject to no other interpretation."  *Hanover Ins. Co. v. Cowan*, 568 N.Y.S.2d 115, 117 (2d Dep't 1991).  Because Plaintiff "created" or caused the claims at issue in the Underlying Complaint by entering into the 2006 Agreement, Judge Pitman correctly found that coverage is precluded under Section 3(a).  *See United States v. Inc. Vill. of Island Park*, No. 90 Civ. 0992, 1996 WL 68530, at *3 (E.D.N.Y. Feb. 5, 1996) ("[W]here the loss incurred by the insured results from the insured's own . . . conduct, the loss falls outside of the policy's coverage."); *Brick Realty Corp. v. Title Guarantee & Tr. Co.*, 291 N.Y.S. 637, 638 (City Ct. 1936) ("This defendant did not insure plaintiff against the consequences of its own acts . . . and was not obliged to defend any suit attacking plaintiff's title . . . if based upon acts claimed to have been committed by plaintiff.").

Accordingly, Plaintiff's objections are OVERRULED.

III. Defendant's Objections

After finding that the claims asserted in the Underlying Action fall within the Section 3(a) exclusion, Judge Pitman rejected Defendant's alternative argument for dismissal, holding that Plaintiff had not assumed the risk of the alleged defect: "[T]o the extent [Defendant] is claiming [Plaintiff] assumed the risk of or agreed to the claims of SSS and MDUS simply because it acquired the Building with knowledge of their claims, its argument lacks merit." R&R at 22. Defendant objects to this finding, contending that "[Plaintiff's] assumption of risk provides an additional basis for dismissal." Def. Objs. at 3. The Court is not persuaded by Defendant's argument.

As Judge Pitman correctly held, "knowledge of an encumbrance, by itself, does not constitute an assumption of that encumbrance or an agreement to it." R&R at 18 (citing *Glickman v. Home Title Guar. Co.*, 178 N.Y.S.2d 281, 282–83 (Sup. Ct. 1958), *aff'd*, 185 N.Y.S.2d 756 (2d Dep't 1959)). Therefore, "an assumption of an obligation or an agreement to an obligation in connection with the purchase of real estate generally requires some affirmative act by the party to be charged." R&R at 19; *see also Longley-Jones Assocs., Inc. v. Ircon Realty Co.*, 67 N.Y.2d 346, 347–48 (1986). Defendant agrees with this proposition, stating that "under New York law mere knowledge of a defect alone is insufficient to meet the 'assumed or agreed to' language of exclusion 3(a) and the insured must also undertake some 'affirmative conduct' that either created or constituted an express agreement to the encumbrance at issue." Def. Objs. at 3–4. Defendant contends, however, that "the issue to be determined here is whether the Underlying Complaint alleges that [Plaintiff] engaged in some affirmative conduct expressly assuming the risk that SSS would claim an equitable [p]roperty interest." *Id.* at 6.

7

In opposition, Plaintiff contends that this argument is not properly before the Court because Defendant did not raise it before Judge Pitman. The Court agrees. "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli*, 2014 WL 2440771, at *5; *see also Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this [] circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (collecting cases)). In its initial and reply briefs, Defendant argued only that Plaintiff "knew about [SSS'] equitable [p]roperty interest claims prior to purchasing the [Building] and procuring the Policy, and . . . [a]s such, [Plaintiff] 'assumed' or 'agreed to' the risk of that defect." Def. Mem. at 9 (footnote omitted), ECF No. 30; *see also* ECF No. 36 at 3 ("[C]overage is precluded under exclusion 3(a) where the insured knew about, and accordingly assumed or agreed to the risk, of the subject defect."); *id.* at 5 ("[P]olicy exclusion 3(a) applies to claims or defects known to the insured irrespective of whether they were caused by the insured, known to the insurer or specifically excluded."). Judge Pitman addressed this argument in the R&R—"that [Plaintiff] assumed the encumbrances asserted by SSS and MDUS by acquiring the Building with knowledge of SSS and MDUS's contingent claims"—and correctly rejected it, holding that "[Plaintiff's] knowledge of the contingent claims asserted by SSS and MDUS does not, by itself, operate as an assumption of those claims." R&R at 16, 20.

Defendant objects to Judge Pitman's "characterization of [its] argument" and argues that the 2006 Agreement "constitutes the very 'affirmative conduct' . . . necessary to 'assume' a pre-existing title defect." Def. Objs. at 3, 7. The Court agrees with Plaintiff, however, that Defendant

8

"is now mischaracterizing its prior, failed argument in a[n effort] to shoehorn a new argument into its objections." Pl. Opp. at 4, ECF No. 54. Defendant is not permitted to do so. Defendant cannot now argue that the Underlying Complaint "clearly and explicitly alleges that [Plaintiff] affirmatively entered into an Agreement which recognized" SSS' interest and that "by entering into the Agreement, [Plaintiff] expressly assumed the risk of SSS' claimed interest." Def. Objs. at 7. Indeed, "[t]o consider new legal arguments at this point would undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a [report and recommendation] is issued to advance additional arguments." *Gonzalez v. Garvin*, No. 99 Civ. 11062, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (internal quotation marks and citation omitted).

Accordingly, Defendant's objections are OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff and Defendant properly object and has reviewed the remainder of the R&R for clear error.[3] For the reasons stated above, the Court ADOPTS the R&R in its entirety. Defendant's motion to dismiss is GRANTED on the ground that the claims asserted in the Underlying Action are all based on the 2006 Agreement to which Defendant's insured, Plaintiff, was a party.

The Clerk of Court is directed to terminate the motion at ECF No. 29 and to close the case.

SO ORDERED.

Dated: March 28, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.